# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GILBERT RYAN RAYNOR** | : **CIVIL ACTION** |
| | : |
| v. | : **NO. 24-1842** |
| | : |
| **COMCAST CORPORATION,** | : |
| **DREAMWORKS ANIMATION** | : |
| **STUDIO** | : |

## MEMORANDUM

**KEARNEY, J.**                                                                                                            **May 6, 2024**

Virginia citizen Gilbert Ryan Raynor recently came to believe he is God. He swears the 1998 film *The Prince of Egypt* is the story of his life and movie producers made the film without his permission. He pro se sues non-state actors Comcast Corporation and DreamWorks Animation Studio under our civil rights law and for "plagiarism, copyright infringement and a right to privacy." He does not plead these two companies deprived him of a right or privilege secured by the Constitution of federal law or conduct by a state actor depriving him of any such right. He also does not plead a copyright. He pleads no facts about Comcast Corporation.

We granted Mr. Raynor leave to proceed without paying the filing fees and must screen his allegations before issuing summons. Mr. Raynor does not plead a basis for our limited subject matter jurisdiction. We dismiss his claims without prejudice to timely plead facts allowing us to exercise our limited subject matter jurisdiction including naming state actors if he wishes to sue under the civil rights law or if he can otherwise do so consistent with the law or assert another claim invoking our federal question jurisdiction and show how we may be the proper venue for his claims.

## I. Alleged pro se facts

Mr. Raynor swears he is God.[1] He contends DreamWorks Animation produced the movie *The Prince of Egypt* about his life without his permission.[2] Mr. Raynor claims during his life and particularly the last three years, he experienced visions "pinpoint[ing]" him as God and these visions are in *The Prince of Egypt* movie. He contends DreamWorks Animation plagiarized from his life and profited from the movie.[3] Mr. Raynor alleges injuries in the form of "[g]lobal exposure as the Psychic of Egypt, Their Sovereign," lost the "[a]bility to [d]raft true stories of almost 3000 years of history," and "people figured out [his] other [a]lias as God and now keep making attempts at absolution" violating his privacy.[4]

He sues DreamWorks Animation Studio and Comcast Corporation seeking $418 million.[5] He swore being unable to pay the filing fees given his destitute financial condition.[6] We granted Mr. Raynor leave to proceed without paying the filing fees after studying his sworn financial condition.[7]

## II. Analysis

Congress requires us to screen this Complaint after we granted Mr. Raynor leave to proceed without paying the filing fees. Our screening obligations require us to dismiss Mr. Raynor's complaint if his claims are "frivolous or malicious; fail[ ] to state a claim on which relief may be granted; or seek[ ] monetary relief from a defendant who is immune from such relief."[8] When considering whether to dismiss a complaint for failure to state a claim under section 1915(e)(2)(B), we apply the same standard provided in Federal Rule of Civil Procedure 12(b)(6).[9] We must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[10] We construe Mr. Raynor's pro se Complaint liberally and "hold it to 'less stringent standards than formal pleadings drafted by lawyers.'"[11]

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."[12] Federal question jurisdiction exists in "civil actions arising under the Constitution, laws, or treaties of the United States."[13] Federal question jurisdiction must appear on the face of a properly pleaded complaint.[14]

Mr. Raynor used a form complaint for violation of civil rights.[15] Congress does not confer substantive rights through section 1983; rather, section 1983 is the vehicle used to bring federal constitutional claims in federal court. Mr. Raynor must plead two elements to proceed on his civil rights claims: (1) a person acting under color of state law committed the complained-of conduct; and (2) the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.[16] Mr. Raynor does not identify a state actor who deprived him of his rights, the first element to proceed on a civil rights claim under section 1983. We lack jurisdiction over Mr. Raynor's civil rights claim as currently pleaded. He offers no other claim under our civil rights law.

Mr. Raynor also refers to copyright infringement, "plagiarism" and "right to privacy." Congress authorizes our federal question jurisdiction over copyright infringement claims under 28 U.S.C. § 1338. Mr. Raynor must plead (1) he owns a valid copyright and (2) Comcast and DreamWorks copied his protected, original elements without authorization.[17]

Mr. Raynor does not plead the elements of a copyright infringement claim. He does not plead Comcast did anything. We cannot discern another basis for a federal claim based on Mr. Raynor's allegations.

3

### III. Conclusion

We dismiss Mr. Raynor's Complaint without prejudice to timely filing an amended Complaint if he can swear facts allowing us to exercise federal subject matter jurisdiction or he may timely seek recovery in state court.

---

[1] Complaint, ECF No. 1 at 4, § II.D.

[2] *Id.* DreamWorks Animation produced *The Prince of Egypt* in 1998. https://www.imdb.com/title/tt0120794/

[3] ECF No. 1 at 4, § III.B., C.

[4] *Id.* at 5, § IV.

[5] *Id.* at 5, § V.

[6] ECF No. 2.

[7] ECF No. 5. Mr. Raynor swore in his application to proceed without paying fees or costs he is owed $32 million from the Federal Bureau of Investigation. ECF No. 2.

[8] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). *See also* ECF Nos. 1, 2, 5.

[9] *Elansari v. Univ. of Pa.*, 779 F. App'x 1006, 1008 (3d Cir. 2019) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[11] *Shorter v. United States*, 12 F.4th 366, 371 (3d Cir. 2021) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

[12] *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (citation omitted).

[13] 28 U.S.C. § 1331.

[14] *Maglioli v. Alliance HC Holdings LLC*, 16 F.4th 393, 406 (3d Cir. 2021) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

[15] Congress in section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction

thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, …"

[16] *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011).

[17] *Pyrotechnics Mgmt., Inc. v. XFX Pyrotechnics LLC*, 38 F.4th 331, 335 (3d Cir. 2022) (footnote omitted).