IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GILBERT RYAN RAYNOR** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 24-1842 |
| | : | |
| **COMCAST CORPORATION, DREAMWORKS ANIMATION STUDIO** | : : : | |

# MEMORANDUM

**KEARNEY, J.**                                                                                                              June 7, 2024

     Virginia citizen Gilbert Ryan Raynor claims Comcast Corporation and DreamWorks Animation Studio plagiarized the 1998 film *The Prince of Egypt* from his life story. Mr. Raynor did not permit the producers of the 1998 film to use his life story in the film. He now pro se sues Comcast Corporation and DreamWorks Animation Studio for copyright infringement. We dismissed his complaint last month for failing to state a claim but offered him leave to amend guided by our analysis. He amended but still does not plead these companies deprived him of a right or privilege secured by the Constitution or federal law. Mr. Raynor does not state a claim for copyright infringement. We dismiss his claims with prejudice.

    **I. Alleged pro se facts**

     DreamWorks Animation LLC, a "subsidiary" of Comcast Corporation, "committed plagiarisms off of attributes of [Gilbert Raynor's] very own [l]ife" in the film *The Prince of Egypt*.[1] Mr. Raynor alleges the film is about his life story produced by DreamWorks without his permission in violation of 28 U.S.C. § 1338.[2] He alleges DreamWorks profited from the movie.[3] Mr. Raynor does not identify conduct by Comcast Corporation.

We granted Mr. Raynor leave to proceed without paying the filing fees.[4] We screened Mr. Raynor's original Complaint consistent with our obligations under 28 U.S.C. § 1915(e)(2)(B). We concluded Mr. Raynor did not state a civil rights claim because he did not identify a state actor who deprived him of his civil rights and he did not state a claim for copyright infringement.[5] We explained we could not discern another basis for a federal claim based on Mr. Raynor's allegations, and dismissed his Complaint without prejudice to timely file an amended Complaint allowing us to exercise federal subject matter jurisdiction.[6]

Mr. Raynor filed an amended Complaint asserting a single copyright infringement claim under federal law.[7] He did not raise a claim for the deprivation of his civil rights. He seeks $100 million in damages for copyright infringement. Mr. Raynor does not state a claim for copyright infringement and we dismiss his amended Complaint with prejudice.

**II. Analysis**

Congress requires us to screen the amended Complaint after we granted Mr. Raynor leave to proceed without paying the filing fees. Congress in section 1915(e)(2)(B) requires we dismiss the amended Complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[8] When considering whether to dismiss a complaint for failure to state a claim under section 1915(e)(2)(B), we apply the same standard provided in Federal Rule of Civil Procedure 12(b)(6).[9] The standard requires us to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[10] We construe Mr. Raynor's pro se amended Complaint liberally and "hold it to 'less stringent standards than formal pleadings drafted by lawyers.'"[11]

Mr. Raynor's amended Complaint identifies his claim as arising under the federal copyright statute. He claims he is God and DreamWorks "plagiarized" from his life story and infringed on his copyright.

### A. Mr. Raynor's claim is frivolous.

Our screening obligation requires us to dismiss a claim if it is frivolous. A claim is frivolous "only where it depends 'on an indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario."[12] Mr. Raynor contends DreamWorks plagiarized his life in its *Prince of Egypt* movie made over twenty-five years ago. The movie tells the Biblical story from Exodus of Moses who "learns of his identity as a Hebrew and his destiny to become the chosen deliverer of his people."[13] Mr. Raynor's claim DreamWorks plagiarized the Biblical story of Moses with harm upon him is without merit under section 1915(e)(2)(b)(i).

### B. Even if not frivolous, Mr. Raynor fails to state a claim for copyright infringement requiring dismissal under section 1915(e)(2)(B)(ii).

Congress, through the Copyright Act, protects "original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device."[14] "A valid copyright extends only to copyrightable subject matter."[15] The Act protects only "works of authorship" identified in eight specific categories including literary works, musical works, dramatic works, and motion pictures.[16] Congress expressly excluded certain categories from copyright protection including "any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work."[17]

To state a claim for copyright infringement, Mr. Raynor must allege: (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of his work.[18] Mr. Raynor does

not allege ownership of a valid copyright. He identifies his copyright as "the true story of events that took place while in dispute against the Governments of Earth …" which he "wr[ote] and recorded" on a GoDaddy site and on Facebook.[19] But Mr. Raynor does not allege a valid copyright in anything he wrote on his website or Facebook in 1998 when DreamWorks produced *The Prince of Egypt* movie or a valid copyright in his life. Nor does Mr. Raynor allege DreamWorks copied original elements of his original work, the second element of a copyright infringement claim.

We dismiss the amended Complaint with prejudice. We may deny leave to further amend if futile.[20] Mr. Raynor cannot cure the deficiencies which may allow him to sue a movie company under this theory.

### III.   Conclusion

We dismiss the amended Complaint with prejudice.

---

[1] Mr. Raynor first identified the DreamWork entity as "Dreamworks Animation Studio." ECF No. 1. He then filed an amended Complaint identifying the DreamWork entity as "Dreamworks Animation LLC." ECF No. 9. We cannot discern which entity is the proper entity. DreamWorks Animation produced *The Prince of Egypt* in 1998. https://www.imdb.com/title/tt0120794/.

[2] ECF No. 9. Section 1338 vests the federal district courts with original jurisdiction of any civil action arising under any federal legislation "relating to patents, … copyrights and trademarks." 28 U.S.C. § 1338(a).

[3] ECF No. 9.

[4] ECF No. 5.

[5] ECF Nos. 6, 7.

[6] *Id.*

[7] ECF No. 9.

[8] 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[9] *Elansari v. Univ. of Pa.,* 779 F. App'x 1006, 1008 (3d Cir. 2019) (citing *Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir. 2000)).

---

[10] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quotations omitted).

[11] *Shorter v. United States,* 12 F.4th 366, 371 (3d Cir. 2021) (quoting *Erickson v. Pardus,* 551 U.S. 89, 94 (2007)).

[12] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)).

[13] *See* https://www.imdb.com/title/tt0120794/.

[14] 17 U.S.C. § 102(a).

[15] *Star Athletica, LLC v. Varsity Brands, Inc.*, 580 U.S. 405, 411 (2017).

[16] 17 U.S.C. § 102(a).

[17] *Id.* § 102(b).

[18] *Pyrotechnics Mgmt., Inc. v. XFX Pyrotechnics LLC*, 38 F.4th 331, 335 (3d Cir. 2022) (citing *Dun & Bradstreet Software Svcs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002)).

[19] ECF No. 9.

[20] *Foman v. Davis*, 371 U.S. 178, 182 (1962).